[Cite as *Deerpointe Property Owners' Assn. v. Craig*, 2019-Ohio-426.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Deerpointe Property Owners'
Association, Inc.

        Appellant

v.

Melvin Craig, et al.

        Appellees

Court of Appeals No. L-18-1090

Trial Court No. CI0201703347

**DECISION AND JUDGMENT**

Decided:  February 8, 2019

* * * * *

Richard R. Malone, for appellant.

Paula Hicks-Hudson, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Deerpointe Property Owners' Association, Inc. (hereinafter "DPOA") filed an accelerated appeal from the March 26, 2018 judgment of the Lucas County Court of Common Pleas denying partial summary judgment to DPOA and

awarding summary judgment to appellees, which resulted in dismissal of the DPOA's complaint. Upon review, we reverse.

{¶ 2} DPOA filed a complaint for injunctive relief to enforce a deed restriction banning above-ground swimming pools in Deerpointe Plat One. Melvin and Cheryl Craig, appellees, purchased the property in Deerpointe Plat One in 2005, subject to the Declaration of Restrictions recorded in 1994. The Declaration of Restrictions provides in Article One, Section 5, as follows:

> No above ground swimming pool shall be installed on any lot nor shall any other swimming pool be installed in Deerpointe Plat One until the plans, specifications and plat plan showing the location of such addition or swimming pool shall have been approved in writing by Developer.

Article Two, Section 5 provides that:

> The rights, privileges and powers granted to Developer in ARTICLE ONE, Sections * * * 5, * * * shall remain exclusively in Developer for a period of twenty (20) years * * * notwithstanding any assignment by Developer to the Association of Developer's rights, privileges and powers * * *. Upon the expiration of such twenty (20) year period, * * * the rights reserved to Developer as set forth in this section shall terminate.

{¶ 3} While numerous arguments were presented, the trial court considered only the issue of whether the deed restriction regarding pools had expired. The trial court found that while Article Two, Section 4, provided certain "rights, privileges and powers"

2.

could be assigned to the DPOA, Article One, Section 5 provided other certain "rights, privileges and powers" (which included the restrictions regarding the installation of pools) were exclusively reserved to the developer for 20 years. But, because Article Three, Section 2 provided for automatic extensions of the restrictions unless terminated, the trial court found these three provisions were inconsistent and ambiguous. Because of the ambiguity, the trial court construed the Declaration of Restrictions in a manner which least restricted the use of the land and concluded the restrictions regarding pools had terminated. Therefore, the trial court denied the motion for partial summary judgment and granted summary judgment to appellees.

{¶ 4} We consolidate appellant's three assignments of errors and review the issue addressed by the trial court. We conclude the trial court misread the Declaration of Restrictions and found an ambiguity where there was none.

{¶ 5} The restriction clearly provides that "[n]o above ground swimming pool shall be installed on any lot." The provision further restricts the construction of "any other swimming pool" unless "the plans, specifications and plat plan showing the location of such addition or swimming pool shall have been approved in writing by Developer." Furthermore, Article Two, Section 5, provides that the "rights, privileges and powers granted to Developer" in the aforementioned section are the exclusive rights of the developer for 20 years. The "rights, privileges and powers" does not refer to the restrictive covenant, but to the Developer's exclusive right to review and approve the plans for installation of other types of swimming pools which are allowed. Article Three,

3.

Section 1 provides the restrictions run with the land. Article Three, Section 2, provides the restrictions automatically renew for specific periods of time unless revoked by a majority of the property owners.

{¶ 6} Because the restrictive covenant is clear and unambiguous, the trial court was required to enforce it. *Cleveland Baptist Assn. v. Scovil*, 107 Ohio St. 67, 72, 140 N.E. 647 (1923); *Corna v. Szabo*, 6th Dist. Ottawa No. OT-05-025, 2006-Ohio-2764, ¶ 38. Therefore, we find the trial court erred in denying summary judgment to the DPOA and granting summary judgment to appellees. Appellant's first, second, and third assignments of error are found well-taken.

{¶ 7} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

4.

Mark L. Pietrykowski, J.            _____
                                                        JUDGE

Thomas J. Osowik, J.

                                                  _____
Christine E. Mayle, P.J.                       JUDGE
CONCUR.

                                                  _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.